DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Juvenile Division of the Sandusky County Court of Common Pleas. Because we conclude that the trial court erred in finding appellant in direct contempt of court, we reverse.
On January 6, 2000, appellant, Philip G., went before the Sandusky County Court of Common Pleas, Juvenile Division, for a delinquency hearing. During the course of the initial hearing, appellant's parents stated that they would not allow him to return home, nor would they allow him to be placed in the home of a friend or relative. After the trial court determined that appellant would return to the Juvenile Detention Center until other placement could be found, the court went off record and adjourned the hearing. Officer Dohanos then observed appellant commit an inappropriate act in the courtroom. The court was informed of appellant's actions.
Shortly thereafter, the trial judge again took the bench and went back on record to determine if the act performed by appellant was in direct contempt of court. The trial court heard sworn testimony from police officer Dohanos.[1] Officer Dohanos testified that after the initial hearing was adjourned, he observed appellant "flip off" his mother by raising his middle finger. Officer Dohanos stated that the mother responded by turning around and walking out of the courtroom.
Based on the testimony of officer Dohanos, the trial court found appellant in direct contempt of court and committed him to the Juvenile Detention Center for a period of up to thirty days, with a requirement that he serve at least fifteen days.
Appellant seeks appeal from the trial court's judgment, setting forth the following sole assignment of error:
 "The Trial Court committed prejudicial error when it found Appellant in direct contempt of court when actions taken by Appellant occurred after conclusion of initial hearing and neither embarrassed the Court nor impeded or obstructed the court in the performance of its functions."
R.C. 2705.01, which addresses direct contempt, states, "A court, or judge at chambers, may summarily punish a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice." Generally, trial courts, "in their sound discretion, have the power to determine the kind and character of conduct which constitutes direct contempt of court." State v. Kilbane (1980), 61 Ohio St.2d 201, paragraph one of the syllabus. However, an act which does not obstruct the administration of justice will not constitute direct contempt. See Pheils v. Palmer (Mar. 19, 1999), Lucas App. No. L-98-1092, unreported.
In the present case, appellant committed the act in question after the hearing had ended and the judge had returned to his chambers. The act was directed at appellant's mother and no other disturbance was created. In our view, while appellant's actions were certainly inappropriate, appellant's commission of the act in a courtroom where proceedings had concluded and the judge was not present did not result in an obstruction of the administration of justice. Thus, appellant's actions do not constitute direct contempt. Accordingly, we conclude that the trial court abused its discretion by finding appellant in direct contempt of court. Appellant's sole assignment of error is well-taken.
The judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is reversed. Court costs of this appeal are assessed to appellee.
 _____________________ Peter M. Handwork, J.
Melvin L. Resnick, J., James R. Sherck, J., Concur.
[1] It is unclear from the official record who officer Dohanos was and why he was in the courtroom.